Green, J.
delivered the opinion of the court.
This is a bill to enjoin part of a judgment recovered by the defendant against the complainant, on the ground of usury. It appears by the bill and answer, that the complainant was indebted to the defendants $700, due in January, 1841. The complainant paid the defendant $84 for the forbearance to sue for two years, and suit was commenced, at September term, of the court, 1843, and judgment was obtained at the January term, 1844, for $824 the principal, and the interest of said note, in addition to the $84, that bad been paid. This sum was not credited on the note, because it was given for the forbearance to sue for two years, in addition to the accruing interest.
The contract by which this $84 was obtained, is clearly usurious, and this sum should have been credited when the judgment was taken.
It is said, however, the complainant had an unembarrassed remedy at law, of which he should have availed himself, and that not having made his defence there, he cannot be heard, now, in this court.
The principle here stated, has been often decided by this court, and is the settled doctrine. When a party, who is sued at law, has an unembarrassed defence, he cannot be afterwards *131 beard in equity, unless he is prevented from making his de-fence at law by accident or fraud, or the fault of the other party, unmixed with fault or negligence on his part. We have been compelled to adopt this principle to prevent the Court of Chancery becoming a forum for the rehearing of cases which have been tried at law. We do not thereby deny that a complainant has a right, but we determine that he has lost his remedy by his negligence, in omitting to make his defence at law.
But the legislature, by an act passed the 26th January, 1844, declare, “whenever a defendant is sued at law, where there is usury, and shall fail to plead or rely upon that defence, or where he does plead it, and such defence fails for want of proof, it shall be lawful for him to file a bill in equity, in which he shall state the ground of the usury, and the court upon the usury being made to appear according to the rules regulating equity proceedings, shall give the requisite relief.”
The legislature, by this law, requires courts of equity to afford a remedy in cases, where before its passage, no remedy could be had. Before this act, in the cases mentioned, equity had no jurisdiction; but the act gives that jurisdiction. It is not, therefore, the creation of the right, but the regulation of the remedy. It is not a retrospective law, in the sense in which the constitution prohibits the passage of such laws. By its terms, it applies to all cases where bills shall be filed after its passage; and, in our opinion, may be properly applied to contracts entered into, or to judgments obtained before its enactment, as well as to cases, where the contract and judgment are both subsequent thereto.
The complainant is, therefore, entitled to relief in this case, and the decree of the Chancellor must be affirmed.